Defendant-appellant Michael Tucker appeals his convictions and sentences entered by the Fairfield County Court of Common Pleas on six counts of trafficking in crack cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 10, 1997, the Fairfield County Grand Jury indicted appellant on four counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(a); four counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(c); and one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(d). The charges arose out of number of sales of crack cocaine appellant made to a confidential informant between March 31, 1997, and September 13, 1997. At his arraignment on October 20, 1997, appellant pled not guilty to the indictment.
On February 24, 1998, the State dismissed count one of the indictment. The matter proceeded to trial on February 25, 1998.
At trial, Brian J. Forrester testified he was working as a confidential informant for the Lancaster Police Narcotic's Bureau in 1997, investigating Keith Ward, Sherry Hettinger, and Mike Sullivan, who were purchasing crack cocaine for resale in Lancaster. During the course of the investigation, Forrester made several trips to Columbus with Ward and the others in order to purchase the crack cocaine. One of the Columbus dealers was appellant, whom Forrester met in February or March, 1997. After Forrester made a number of controlled purchases through the Lancaster individuals of drugs bought from appellant, he obtained a telephone number through which he could contact appellant directly in order to purchase crack cocaine.
On April 7, 1997, Forrester paged appellant at 614-651-1558. After listening to a series of tones, Forrester entered the phone number from where he was calling[1], hit the star key, entered the personal code appellant assigned to him, hit the star key again, and entered the numbers 2, 0, 0, representing the dollar amount of crack cocaine he wished to purchase. Upon completion of the procedure, Forrester transmitted the page.
Forrester hung up the phone and waited for a return telephone call from appellant. Within moments, the pay phone at the BP gas station rang. During the return call, appellant asked, "who is this?", Forrester responded, "Brian." Appellant then asked, "what do you want?", to which Forrester replied, "200". Appellant then instructed Forrester to call when he arrived in Columbus. When Forrester arrived in Columbus, he paged appellant at the same number[2], repeated the codes he entered in the page transmitted from Lancaster, hung up the phone, and waited for a return call. Appellant returned the page and instructed Forrester to meet him at the Pep Boys on Hamilton Road in Columbus. Forrester proceeded to the automotive parts store where he purchased $200 worth of crack cocaine from appellant. After this initial transaction, appellant told Forrester to start dealing directly with him because "he would take care of [Forrester]." Transcript of Proceedings, Volume III, at 344.
Forrester also testified regarding transactions which took place on April 8, 1997, May 22, 1997, July 14, 1997, and September 13, 1997. With regard to the two counts arising from the transactions occurring on May 16, 1997, Forrester testified he paged appellant from Lancaster, but proceeded directly to Columbus with Detective Everhart because he did not receive a return phone call from appellant. When Forrester and Everhart arrived in Columbus, Forrester contacted appellant and he and the detective subsequently made two separate drug purchases from appellant.
At the close of the State's case, appellant made a Crim. R. 29 motion for acquittal asserting the case was improperly venued in Fairfield County. The trial court overruled appellant's motion, finding the issue of venue was for the jury to determine. Thereafter, appellant presented his defense.
After the presentation of all of the evidence and closing arguments, the trial court instructed the jury. The charge included an instruction on the State's burden to prove venue. Appellant did not object to any part of the trial court's jury instructions. During deliberations, the jury submitted a question to the trial court, which read, "By definition of the law, if an offer is made over the phone, is the offer considered to be in the county where the call originates from, or the county where the call is answered, or both?" Tr., Vol. III at 632. The prosecutor and counsel for appellant agreed the proper answer to the question was "both" and the trial court sent that answer to the jury.
The jury found appellant guilty of the six counts arising from the transactions on April 7, 1997, April 8, 1997, May 22, 1997, July 14, 1997, and September 13, 1997. The jury acquitted appellant of the two counts arising from the transactions on May 16, 1997, when appellant did not return Forrester's page in Lancaster. The trial court sentenced appellant to four, twelve month terms of imprisonment on each of the fourth degree felony counts and two, nine month terms on each of the fifth degree felony counts. The trial court ordered the periods of incarceration imposed for the fifth degree felony counts suspended and placed appellant on community control for a period of five years to be served upon his completion of his sentences for the four fourth degree felony counts. The trial court further ordered the four twelve month terms of imprisonment to be served consecutively to each other. The convictions and sentences were memorialized in an Entry of Sentence dated March 5, 1998.
It is from these convictions and sentences appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS, AS VENUE FOR THE OFFENSE DID NOT LIE IN FAIRFIELD COUNTY OHIO.
Herein, appellant maintains the trial court erred in overruling his motion for acquittal because venue did not lie in Fairfield County. In support of his position, appellant refers to the uncontroverted facts which establish he never entered Fairfield County, never sold drugs in Fairfield County, and never took part in any distribution of drugs in Fairfield County. In essence, appellant raises a claim of insufficiency of the evidence.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
Appellant was indicted and convicted, of violations of R.C.2925.03(A), which sets forth the elements of the offense of trafficking in drugs:
 No person shall knowingly sell or offer to sell a controlled substance, (to wit: crack cocaine) . . . venue
Appellant explains the State bases venue upon Forrester's paging appellant from a pay phone in Fairfield County, appellant's making a return phone call, and Forrester's informing appellant he intended to re-sell the drugs in Lancaster. Appellant contends such actions are merely acts of preparation; therefore, insufficient to establish a nexus in Fairfield County. We disagree.
For purposes of R.C. 2925.03(A), the phrase, "offer to sell a controlled substance", means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection. State v.Henton (July 14, 1997), Ashtabula App. No. 96-A-0015, unreported (Citation omitted). The issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by an examination of the totality of the circumstances, including "the dialogue and course of conduct of the accused". State v. Patterson (1982),69 Ohio St.2d 445, 447.
In the case sub judice, Forrester testified he met appellant during a drug transaction in which appellant sold crack cocaine to Ward, Hettinger, and Sullivan. Subsequently, Forrester was instructed on the procedure to use in order to purchase drugs directly from appellant. In order to initiate the transactions on April 7, 1997, April 8, 1997, May 22, 1997, July 14, 1997, and September 13, 1997, Forrester paged appellant from a pay phone located in Fairfield County. Each page included the phone number from where Forrester was calling, the personal code appellant assigned to Forrester, and the amount of crack cocaine Forrester wished to purchase. We agree with appellant Forrester's act of paging appellant from a pay phone in Fairfield County is insufficient to establish venue in Fairfield County. However, appellant's answering the page constitutes an offer to sell. Therefore, we find appellant's returning the page to a telephone number within Fairfield County is tantamount to an offer to sell in Fairfield County, given the prior course of conduct established between the parties. Accordingly, we find the State presented sufficient evidence from which the jury could infer appellant offered to sell crack cocaine in Fairfield County and the trial court did not err in overruling appellant's motion for acquittal.
Appellant's sole assignment of error is overruled.
The convictions and sentences of the Fairfield County Court of Common Pleas are affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
-----------------------
-----------------------
-----------------------
[1] The pay phone at the BP Gas Station on Memorial Drive in Lancaster, Ohio. The phone number of the pay phone is 614-654-9204.
[2] 614-651-1558.